ELLIOTT N. TIOMKIN, ESQ. (SBN 248737)
LAW OFFICES OF ELLIOTT N. TIOMKIN
16133 Ventura Boulevard, Suite 700
Encino, California 91436
(310) 774-1437 telephone
(310) 919-3744 facsimile
etiomkin@gmail.com electronic mail

Attorneys for Plaintiff J. REYES ENRIQUEZ

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. REYES ENRIQUEZ,<br><br>      Plaintiff,<br><br>      vs.<br><br>CITY OF GARDENA; NATHAN JONES<br><br>      Defendants. | CASE NO. 2:20-cv-07049<br><br>COMPLAINT FOR DAMAGES<br><br>1. 42 U.S.C. § 1983 (Individual Liability)<br>2. 42 U.S.C. § 1983 (Municipal Liability)<br><br>REQUEST FOR TRIAL BY JURY |

COME NOW, plaintiff J. REYES ENRIQUEZ and for causes of action against

defendants, and each of them, allege:

## GENERAL ALLEGATIONS

1.     Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343.

2.     This is a complaint for money damages by plaintiffs arising under United States Code,

Title 42, Sections 1983 and 1988 for redress of deprivation under color of law of their

rights, privileges and immunities secured by said statutes, and by the Fourth Amendment

applicable to defendants through the Fourteenth Amendment to the United States

Constitution. This action arises out of an incident wherein Defendant NATHAN JONES, in his official capacity as a police officer for the CITY OF GARDENA, shot plaintiff with a firearm after plaintiff exited a vehicle with his hands raised.

3.     At all times herein mentioned, Plaintiff was a citizen of the United States, residing in the County of Los Angeles and the State of California, within the Central District of this Court.

4.     Defendant CITY OF GARDENA is and at all times material herein was a public entity duly organized by charter and existing as such in the State of California.

5.     At all times material herein, defendant CITY OF GARDENA was responsible for the promulgation and implementation of policies, rules, regulations, and procedures for the Gardena Police Department and its officers, including but not limited to, hiring, training, supervision, retraining, discipline and termination.

6.     At all times material herein, defendant OFFICER NATHAN JONES (hereinafter "JONES") was a duly appointed, qualified and acting police officer employed as such by defendant CITY OF GARDENA and at all times material herein, said defendant was acting in the course and scope of such employment and under color of state law as a peace officer.

7.     At all times material herein, defendant JONES, was acting as an employee, agent, representative of defendant CITY OF GARDENA herein, and within the course and scope of such employment and agency.

### FIRST CAUSE OF ACTION

### AGAINST DEFENDANT JONES FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983)

8.    On November 8, 2018, Plaintiff was operating a vehicle when he was detained at gunpoint by Defendant JONES.

10.   While operating the vehicle, Plaintiff was involved in a motor vehicle accident.

11.   After he was detained by JONES in the 13500 block of South Raymond Avenue in Gardena, Plaintiff complied with officer instructions, and exited the vehicle with his hands raised in the air.

12.   Plaintiff's vehicle was stopped. Plaintiff was unarmed. JONES did not observe any violence, contraband, or weapons. Plaintiff did not resist any orders, used no force and made no threats toward any officer.

13.   Immediately, without any warning or order to Plaintiff, JONES shot Plaintiff in his upper body with his firearm.

14.   Plaintiff was hospitalized with injuries.

15.   Plaintiff and his vehicle were searched. Neither weapons, nor contraband nor evidence of criminal activity were found. JONES and his fellow officers would falsely accuse Plaintiff of carjacking and stealing a vehicle, and author false police reports to that effect. In fact, JONES and his fellow officers knew that Plaintiff was in lawful possession of the vehicle.

16.   No lawful basis existed for JONES to shoot Plaintiff with his firearm. JONES' assaultive behavior against Plaintiff was entirely unjustified and unreasonable.

17.   JONES used excessive force on Plaintiff. The force used by JONES was not objectively reasonable.

18.     JONES' use of excessive force on Plaintiff, was conducted for the purpose of violating and did violate plaintiff's civil rights, specifically his right to be free of unreasonable searches and seizures, and the deprivation of liberty and property without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

19.     OFFICER JONES' brutal assault on plaintiff violated Plaintiff's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and caused Plaintiff palpable harm.

20.     As a proximate result of the aforementioned acts and omissions of OFFICER JONES Plaintiff has suffered and will continue to suffer physical injury, including exacerbation of his pre-existing injuries, if any, as well as mental pain, fear, anguish, torment, anxiety, humiliation, depression and emotional distress, all proximately resulting in some permanent impairment, disability and damage, according to proof.

21.     As a proximate result of the aforementioned acts and omissions of OFFICER JONES, Plaintiff has incurred and will continue to incur doctor, medical, psychiatric, pharmaceutical and incidental expenses, according to proof.

22.     The aforementioned acts and omissions of OFFICER JONES, and each of them, were despicable and outrageous, warranting the imposition of punitive and exemplary damages, as said acts were committed by OFFICER JONES knowingly, willfully, and maliciously, and with the intent to oppress Plaintiff because of his assertion of his constitutional rights, or in reckless disregard for Plaintiff's civil rights, and in order to cause his injuries and the loss of his aforesaid constitutional rights. By reason thereof, Plaintiff requests that said Defendant be required to pay damages in an amount sufficient to deter others from such conduct and to make an example of said individual defendant.

23.     By reason of the aforementioned acts and omissions of OFFICER JONES, Plaintiff requests payment by defendants of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS CITY OF GARDENA FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983 *Monell* Claim)

24.     Plaintiff realleges Paragraphs 1 through 23, as though set forth herein verbatim.

25.     Defendant CITY OF GARDENA at all times material herein was, and now is, a public entity, authorized and existing as such under the laws of the State of California. At all times herein mentioned, CITY OF GARDENA possessed the power and authority to enact legislation, adopt policies, prescribe rules and regulations, customs, usages and practices affecting the operation of its Police Department, and particularly said Department's hiring, training, supervision and disciplinary practices, as well as the Department's use of force against civilians, and its continuing failure to objectively and thoroughly investigate crimes committed by its rank and file.

26.     At all times material herein, CITY OF GARDENA, and employees acting under its direction and control, knowingly and intentionally promulgated, maintained, tolerated, applied and enforced policies, customs, practices and usages in violation of the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, which customs, policies, practices and usages, at all times herein mentioned, required, or at least encouraged, tolerated or ratified, the employment, deployment, and retention of persons as peace officers who are unsuitable due to bias, prejudice and/or a propensity for manifesting violence, cruelty and dishonesty toward and upon all manner of persons with

whom they come into contact in the course of their duties as peace officers, including OFFICER JONES.

27.     Defendant CITY OF GARDENA's Police Department has had a custom, policy, practice, and usage requiring, encouraging, tolerating, or ratifying civil rights violations, including excessive force, violence, and cruelty toward unarmed citizens, bias and prejudice, dishonesty, false police reports, fabrication of evidence and/or probable cause, false arrest and imprisonment, and witness intimidation.

28.     Pursuant to said policies, customs, practices and/or usages, defendant JONES were at all times material herein employed, retained and assigned to duties as peace officers for defendant CITY OF GARDENA and, as such, said employees, agents and representatives were acting under the CITY OF GARDENA' discretion and control. The CITY OF GARDENA knew, or in the exercise of reasonable care should have known, that OFFICER JONES had a propensity for violence, cruelty, dishonesty and unlawfulness and for inflicting upon all manner of persons, including Plaintiff, unreasonable and unnecessary force without a warrant or other legal justification, making false statements and fabricating evidence, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

29.     Following their custom and practice, defendant CITY OF GARDENA, ratified the misconduct of rogue officers, including OFFICER JONES, by, for example, ignoring multiple complaints into the conduct of officers, authoring use of force reports which approved of misconduct, approving false and malicious prosecutions of individuals who suffered excessive force, failing to properly hire, train, discipline, and terminate officers who had violated the civil rights of civilians.

30.    Also, in the instant case, defendant CITY OF GARDENA ratified the misconduct of OFFICER JONES by, for example, ignoring multiple complaints into the conduct of OFFICER JONES, authoring use of force reports which approved of misconduct of OFFICER JONES, approving false and malicious prosecution of Plaintiff, failing to properly hire, train, disclipine, and terminate OFFICER JONES, and conspiring to and covering up the aforesaid constitutional deprivations which proximately caused the injuries to plaintiff.

31.    The custom and practice of defendant CITY OF GARDENA proximately caused the aforesaid injuries to Plaintiff, all to his general damages in an amount to be proved at trial.

32.    By reason of the aforementioned acts and omissions of defendant CITY OF GARDENA, Plaintiff requests payment by defendant CITY OF GARDENA of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.


**WHEREFORE**, plaintiff, prays for judgment against these defendants and each of them, as follows:

1. For general damages, according to proof;

2. For special damages for medical and related expenses, according to proof;

3. For punitive damages against the individual defendant(s), as allowed by law;

4. For reasonable attorney's fees pursuant to Title 42, United States Code, Section 1988;

5. For plaintiff's costs of suit herein;

6. For such other and further relief as this Court deems just and proper.

Dated: August 4, 2020

LAW OFFICES OF ELLIOTT N. TIOMKIN

BY    /s/ Elliott N. Tiomkin

_____
ELLIOTT N. TIOMKIN
Attorneys for Plaintiff, J. Reyes Enriquez

## REQUEST FOR TRIAL BY JURY

Plaintiff J. Reyes Enriquez hereby requests a trial by jury of the within action.

DATED: August 4, 2020

Respectfully submitted,

LAW OFFICES OF ELLIOTT N. TIOMKIN

BY    /s/ Elliott N. Tiomkin

_____
ELLIOTT N. TIOMKIN
Attorneys for Plaintiff, J. Reyes Enriquez